**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rena Begum,<br>Plaintiff,<br><br>-v-<br><br>Flagstar Bank, National Association,<br><br>Defendant. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Rena Begum ("Plaintiff" or "Begum"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant Flagstar Bank, National Association ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the applicable regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, overtime and non-overtime, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. At all times relevant herein, Plaintiff Rena Begum ("Plaintiff" or "Begum") was an adult, over eighteen years old, who resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant Flagstar Bank, National Association ("Flagstar Bank") was a New York Bank with a principal place of business in Nassau County, NY located at 102 Duffy Avenue, Hicksville, NY 11801.

9. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

10. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant was in the banking business.

12. Upon information and belief, and at all relevant times herein, Defendant employed over about 200 employees.

13. Plaintiff was employed by Defendant from in or around June 2024 to on or about July 31, 2026.

14. At all times relevant herein, Defendant employed Plaintiff as a banking representative performing a variety of work within this capacity throughout her workday including at different branches in New York – assisting Defendant's customers with their banking needs.

15. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and her last hourly rate of pay was about $40.28 an hour.

16. At all times relevant herein, Plaintiff worked about 55 to 60 or more hours each week; 5 or more days each week for Defendant and Plaintiff was not paid any wages for about 15 to 20 overtime hours worked each week during her employment with Defendant - with the exception of 2-3 weeks each year.

17. At all times relevant herein, in addition to the unpaid wages set forth in paragraphs 16 above, Plaintiff worked an additional 10 to 15 or more overtime hours each week remotely/on-call for which she was not paid any wages in violation of the FLSA and NYLL – with the exception of about 2 to 3 weeks each year – Plaintiff handled work/communications - and significantly, Plaintiff had responsibility for and did in fact, take custody of the branch keys afterhours and at home and had to actively ensure the safety and security of the keys at all times, and was not free or completely free from the work of Defendant as a result.

18. In addition, Plaintiff was required to incur expenses in the performance of her work for Defendant during the period of her employment such as for use of her cellphone, internet and vehicle, etc. However, Defendant failed to reimburse Plaintiff for about $150.00 or more each week, which constitutes an unlawful wage deduction under the FLSA and NYLL, including NYLL § 193. These unlawful deductions and failure to reimburse also constitute an under payment of wages and overtime wages under the FLSA and NYLL.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to

29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

20. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours each week during her employment with Defendant.

21. At all times relevant herein, Defendant failed to provide Plaintiff with the required notice at the time of her hiring pursuant to NYLL § 195(1) containing, among other things, her rate of pay, designated payday, and the name, address, and telephone number for Defendant and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

22. At all times relevant herein, Defendant failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what she actually worked and less wages than she actually earned – by not showing the work hours and earned wages claimed herein, which prevented him from determining and seeking payment for the precise amount of her unpaid wages and she was thus harmed by being deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

23. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that she was due overtime wages when she worked the additional overtime hours over 40 each week claimed in this action — that is, she didn't know she was supposed to be paid additional overtime and other wages claimed in this action, and she lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

24. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notices and wage statements, Defendant forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages

claimed herein, as best as she can – time is money and the several hours spent doing this would have been saved had Defendant carried out its legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

25. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

26. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

27. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

28. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

29. At all times relevant herein, Defendant as a regular part of its business, made payment of taxes and other monies to agencies and entities outside the State of New York.

30. At all times relevant herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

31. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8).

33. and Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime

rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

39. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

41. Plaintiff is entitled to recover from Defendant her unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

44. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

45. Plaintiff is entitled to recover from Defendant her unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages**

46. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all her wages, including her unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

51. Plaintiff is entitled to recover from Defendant her entire unpaid wages, including her unpaid overtime wages, wage deductions, maximum liquidated damages – including interests on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

53. As to her **First Cause of Action**, award Plaintiff her unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

54. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to her **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid overtime wages, wage deductions, due under law, maximum liquidated damages – including interests on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award Plaintiff prejudgment interest on all monies due.

57. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

58. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**September 30, 2026**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan___________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com